IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
ELDORADO, DIVISION

**GWENDOLYN HAWKINS**                                                                      **PLAINTIFF**

VS.                                                       CASE NO.  1:23-CV-1111

**UNITED PARCEL SERVICE, INC.**                                                **DEFENDANT**

## COMPLAINT

Comes the Plaintiff, Gwendolyn Hawkins, by and through her attorney, Sheila F. Campbell, and for her Complaint, states:

### I. INTRODUCTION

This is a civil rights action brought pursuant to 42 U.S.C. § 2000e et seq. (Title VI of the Civil Rights Act of 1964, as amended and pursuant to the Americans with Disabilities Act of 1990, as amended by ADA Amendments Act (ADAAA OF 2008), 42 U.S.C. § 12101 et seq. The Plaintiff seeks relief for compensatory damages and for injunctive relief and declaratory judgment pursuant to 28 U.S.C. § 2201.

### II. JURISDICTION

1. Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §1331, 1343, 1391, and 42 U.S.C. § 2000e et seq. (Title VII OF THE Civil Rights Act of 1964, as amended).

2. The unlawful employment practices alleged to have been committed against the Plaintiff were committed in the Western District of Arkansas in Ouachita County, Arkansas.

### III. PARTIES

3. The Plaintiff is a resident of Ouachita County, in the Western District of Arkansas at all times pertinent to this cause of action.

4. That the Defendant, United Parcel Service, Inc., ('herein after UPS") was a duly authorized for profit corporation that was operating in Ouachita County in the Western District of Arkansas at all time pertinent to this cause of action. The agent for service for the Defendant, is Corporation Service Company, 300 Spring Building Suite 900, 300 S. Spring St. Little Rock, AR 72201.

### IV. STATEMENT OF FACTS

5. The Plaintiff was hired by the Defendant on or about December 9, 1991 and was a PT Local Sort Supervisor when she was administratively terminated from her position on 12-21-2022 and notified of that discharge on 3-23-2023.because she had been off from work since April 24, 2019 from a workers' compensation injury to her left wrist.

6. Plaintiff received a letter from the Defendant on October 20.2022 notifying her that UPS offers job-related accommodations for persons who are disabled within the meaning of the Americans with Disabilities Act (ADA).

7. On or about February 8, 2022, UPS received notification from the Plaintiff that she was requesting a job-related accommodation.

8. On or about February 24, 2022, UPS acknowledged receiving the ADA packet from the Plaintiff.

9. The Plaintiff submitted ADA paperwork to UPS on 3-28-2023 and 6-2-2023 and he had previously submitted to UPS documentation of her limitations through her workers' compensation injury on or before 3-28-2023.

10. The Plaintiff was told by the workers' compensation representative for UPS that she was going to force her to retire.

11. On June 22, 2023, the Plaintiff submitted to UPS ADA department medical documentation about her residual functional capacity that had previously been provided to UPS during the course of her workers' compensation injury.

12. Dr. Scot Carle, M.D., a physician appointed by UPS provided his assessment of the Plaintiff's residual functional capacity to DEFENDANT UPS on March 23, 2023.

13. Dr. Scott Carle, M.D. stated that the Plaintiff's residual functional capacity occasional lift and carry over 50 pounds and occasional push/pull over 50 pounds of force because of intersection syndrome and tenosynovitis and that her condition is permanent.

14. On or about 4/23/2021, the Plaintiff had an FCE that was ordered and approved by UPS and the findings were that she was able to occasionally bimanual lift/carry up to 50 pounds and that she was able to perform lifting and carrying of up to 50 pounds on a frequent basis and up to 25 pounds on a constant basis.

15. The Plaintiff attempted to return to her job as a PT Local Sort Supervisor, but her supervisor, Stan Lee refused to allow her to work with her permanent restrictions; although she could perform the essential functions of her job with assistance from her co-workers in lifting packages weighing over 50 pounds.

16. That Defendant UPS has allowed reasonable accommodation to other employees that had lifting restrictions because of their disability to have assistance from other co-workers in lifting items that exceeded the limitations of their restrictions but refused such an accommodation to the Plaintiff.

17. That the Plaintiff filed a Charge of Discrimination with the United States Equal Opportunity Commission on May 2, 2023 alleging that the Defendant failed to engage in a good faith interactive process and failed to accommodate her lifting disability in violation of the ADA, incorporated herein and attached hereto as Exhibit "1".

18. That the United States Equal Opportunity Commission on September 22, 2023 issued a Determination and Notice of Rights notifying the Plaintiff that she had 90 days of the receipt of this notice to file a lawsuit in Federal Court, incorporated herein and attached hereto as Exhibit "2".

## V. CAUSE OF ACTION

19. That Plaintiff realleges paragraph numbered 1 through 18 as though set forth word for word herein.

20. That the Plaintiff has a physical impairment that substantially limits one or more major life activities including lifting and manual tasks as a result of intersection syndrome and tenosynovitis of her left elbow that is permanent.

21. That the Plaintiff's disability does not affect her ability to perform the essential function of her job as a PT Local Sort Supervisor.

22. Defendant discriminated against Plaintiff by refusing to reasonably accommodate Plaintiff's disability, by harassing and retaliating against her by not allowing her to return to work with her lifting restrictions that would not have affected her performing the essential functions of her job; by creating a hostile environment, and terminating her because of her disability in violation of the Americans with Disabilities Act of 1990 and as amended by ADA Amendments Act (ADAAA OF 2008), 42 U.S.C. § 12101 et seq and by engaging in retaliatory conduct against the Plaintiff

23. As a direct and proximate result of the Defendant's wrongful acts and omissions in discriminating and retaliating against her on the basis of her disability, the Plaintiff has sustained injuries and damages including loss wages, loss of earning capacity, loss of career opportunities, loss of fringe and pension benefits, mental anguish, physical and emotional distress, humiliation and embarrassment, loss of professional reputation; and loss of the ordinary pleasure of everyday life, including the right to pursue the gainful employment of her choice.

## VI. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for a judgment as follows:**

1. That the Court Order Defendant to reinstate the Plaintiff's employment;
2. That the Court grant full front pay to the Plaintiff;
3. That the Court grant full back pay to the Plaintiff;
4. That the Court grant Plaintiff compensatory damages for humiliation, emotional distress, and other damages caused by Defendant's conduct;
5. That the Court grant the Plaintiff compensatory damages for humiliation, emotional distress and all other damages caused by Defendant's discriminatory conduct;
6. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated against on the basis of disability;
7. That the Court award punitive damages;
8. That Court grant Plaintiff's expenses of litigation, including reasonable attorney's fees;
9. That the Court grant Plaintiff a jury trial;
10. That the Court grant Plaintiff all other relief the Court deems just and proper; and for all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

/s/Sheila F. Campbell
Sheila F. Campbell (83-239)
Attorney for Plaintiff
P.O. Boc 939
North Little Rock, AR  72115
(501)  374-0700 (telephone)
(501)  372-5375(fax)
campbl@sbcglobal.net